Nash, J.
 

 Wo are at a loss to perceive, upon what ground the objection to the deposition of Samuel I-Iarvey rests. The firm consists, as the ease states, of the two Coffins, William and A. G. and the witness Harvey. The latter, though not a party to the record, could not have been compelled to give evidence ; but if he chose to give it, it was certainly competent testimony on behalf of the plaintiff. The declarations of a partner, when the partnership is established
 
 aliunde,
 
 is clearly evidence against another partner, concerning a subject of joint interest, notwithstanding he is not a party of record.
 
 Wood
 
 v.
 
 Braddick,
 
 1st Taunt. 104. So, also, after the dissolution of a partnership, the declaration of a partner, is evidence against his co-partners of transactions concerning the firm, and transacted while it existed, and also to repel the plea of the statute of limitations.
 
 McIntire
 
 &
 
 Co.
 
 v. Oliver, 2 Haw. 209.
 
 Smith
 
 v.
 
 Ludlow,
 
 6 John. R. 267. if the declarations of Harvey could have been competent testimony in behalf of the plaintiff, much more so is his deposition. But though his testimony is admissible in behalf of the plaintiff, it does not follow that it is competent evidence for the defendant,, The general principle is, that a party to a negotiable instrument, when there are more than one, is a competent witness, either to support or defeat an action upon it, unless he be directly interested in the event. or unless the vcrdi-ct would be
 
 *198
 
 evidence for or against him.
 
 2 Star, Ev.
 
 179. When offered as a witness for the plaintiff, be is competent, because be testifies against his interest, for if the plaintiff succeed, the defendant may have an action against him for contribution, and if he fail, he stands still open to the plaintiff’s action. If offered by the defendant, he is incompetent, because he is liable to the defendant not only for contribution, but for a due portion of the costs of the first suit.
 
 York
 
 v.
 
 Blott,
 
 5 Man and Sel. 71. 1st Ire. 188,
 
 Maffitt
 
 v.
 
 Gains.
 
 His Honor was correct in admitting the testimony of Harvey in behalf of the plaintiff. He was also correct in rejecting the depositions of William Coffin and Samuel Harvey, when offered by the defendant. Each of these individuals was a member of the firm of Coffin, Harvey and Co. Indeed, it consisted of those two and the defendant. The witnesses were bound to A. G. Coffin, the defendant, each for his share of the costs of the suit in which they were offered as witnesses, and, to that extent at least,, they were interested in the event.
 

 Pjjr CuniAffi. Judgment affiuned,